IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID W. WILSON,

      Plaintiff,                     No. CIV S-07-1558 WBS GGH P

    vs.

SUZAN L. HUBBARD, et al.,

      Defendants.              <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected

1

1  and forwarded by the appropriate agency to the Clerk of the Court each time the amount in
2  plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).
3  　　　　　The court is required to screen complaints brought by prisoners seeking relief
4  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
5  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
6  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
7  granted, or that seek monetary relief from a defendant who is immune from such relief.  28
8  U.S.C. § 1915A(b)(1),(2).
9  　　　　　A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
10 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
11 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
12 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
13 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
14 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
15 Cir. 1989); Franklin, 745 F.2d at 1227.
16 　　　　　A complaint must contain more than a "formulaic recitation of the elements of a
17 cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
18 speculative level."  Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007).
19 "The pleading must contain something more...than...a statement of facts that merely creates a
20 suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal
21 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  In reviewing a complaint under this
22 standard, the court must accept as true the allegations of the complaint in question, Hospital
23 Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light
24 most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v.
25 McKeithen, 395 U.S. 411, 421 (1969).
26 /////

Plaintiff alleges that defendants at the California Medical Facility (CMF) refused to issue to him a quarterly package that he had purchased. The package contained dietary supplements. Defendants told plaintiff that his supplements violated CMF policy. Under this policy, inmates could purchase supplements from outside vendors containing vitamins or protein supplements. Pursuant to CMF policy, inmates were not allowed to purchase supplements containing creatine, metabolism increasers, amino acids and fat burners weree not allowed. In order to obtain these items, plaintiff requires a prescription from a medical doctor.

In his complaint, plaintiff does not appear to dispute that his supplements were prohibited by the regulations. Plaintiff argues that the CMF canteen sells supplements containing the barred substances. Plaintiff argues that prison officials are trying to force him to buy his supplements through the CMF canteen rather than from an outside vendor.

Plaintiff seeks money damages and injunctive relief. The section of the complaint titled "Claims for Relief" states,

> The actions of defendants Hubbard, Tilton, Veal, O'Ran, Barajas, Wann, Hudnall, Porter, Grannis gives legitimacy to conspiracy, extortion, criminal profiteering, pawnbrokering, grand theft, petty theft, embezzlement, fraud, specific intent, by way of mail/packages violating Cartwright Act, Rico Act, Fourteenth Amendment.

Several of plaintiff's claims allege violations of criminal law: extortion, criminal profiteering, prawnbrokering, grand theft, petty theft, embezzlement and fraud. Plaintiff may not proceed with claims against defendants for violating criminal laws in a civil rights action. Accordingly, these claims are dismissed.

Plaintiff alleges that defendants violated the Racketeer Influenced and Corrupt Organizations Act (RICO). The RICO statutes prohibit, among other activities, the conducting of an enterprise's affairs through racketeering activity. 18 U.S.C. § 1962(c). A prima facie RICO case requires 1) conduct 2) of an enterprise 3) through a pattern 4) of racketeering activity. Miller v. Yokohama Tire Corp., 358 F.3d 616, 620 (9th Cir. 2004). Furthermore, there must be an inquiry to a specific business or property interest, which is one defined by state law. 18

U.S.C. § 1964(c); Diaz v. Gates, 420 F.3d 897, 900 (9th Cir. 2005)(en banc).  If there is no such injury, there is no standing to bring a RICO civil suit.  Id., at 901.  Plaintiff has alleged no harm to a business or property interest nor does it appear that he will be able to do so.  See In re Alcala, 222 Cal.App.3d 345, 370-71, 271 Cal.Rptr. 674 (1990)(no absolute right to possess property in prison); Living Designs Inc. v. E.I. Dupont de Nemours and Co., 431 F.3d 353, 364 (9th Cir. 2005)(financial losses alone do not confer RICO standing).  Accordingly, plaintiff's RICO claim is dismissed.

       Plaintiff also alleges a due process violation.   Plaintiff is apparently alleging that he did not receive adequate due process before defendants changed the policy regarding what dietary supplements inmates could receive.  However, plaintiff does not allege what process he did not receive.  In addition, the court cannot determine whether plaintiff has stated a colorable due process claim without knowing whether plaintiff was actually deprived of his property, i.e. he paid for the property but did not receive it.  If plaintiff was allowed to return the supplements and received his money back, he most likely does not state a colorable due process claim. Accordingly, plaintiff's due process claim is dismissed.

       Plaintiff also raises a claim for violation of the California Cartwright Act.  Because plaintiff has not stated a colorable claim for violation of his rights under federal law, the court will not address his Cartwright Act claim.

       In addition, the court notes that plaintiff was recently transferred to California State Prison-Lancaster.  Under these circumstances, plaintiff's request for injunctive relief regarding the CMF policy is moot.  If plaintiff files an amended complaint, he should not include his request for injunctive relief.

       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this order.  Failure to file an amended complaint will result in a recommendation that the action be dismissed.

DATED: 12/20/07

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

wil1558.b