IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID W. WILSON,

      Plaintiff,                    No. CIV S-07-1558 WBS GGH P

   vs.

SUZAN L. HUBBARD, et al.,

      Defendants.             ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's May 23, 2008, motion for a temporary restraining order in which plaintiff alleges inadequate law library access.

        The court construes plaintiff's motion for injunctive relief as a motion for a protective order. Clearly, none of the requests addressed in plaintiff's motion seek dispositive relief on the merits of the complaint. The motions are addressed to procedures that the parties must utilize in litigating this case. See United States v. Flaherty, 666 F.2d 566, 586 (1st Cir. 1981): "A pretrial matter within the magistrate's jurisdiction would thus seem to be a matter unconnected to issues litigated at trial and not defined with respect to the time of trial." Neither do the rulings herein involve injunctive relief.

/////

1    As in nearly all rulings of magistrate judges pursuant to 28 U.S.C. § 636(b)(1)(A),
2 parties are told to do something or not do something.  For example, in typical discovery motions,
3 parties are compelled to answer interrogatories, answer a question or produce a document despite
4 a claim of privilege, attend a deposition at a certain tine or place, be compelled to undergo a
5 medical examination,  pay costs associated with discovery in a cost-shifting sense.  No one
6 would think of asserting that such non-dispositive orders are invalid because they command or
7 disallow a certain activity.  Therefore, the fact that parties are directed in their activities by a
8 magistrate judge, cannot, without more, transform the matter at hand into an "injunctive" relief
9 situation governed by § 636(b)(1)(B).  See e.g., Grimes v. City and County of San Francisco, 951
10 F.2d 236 (9th Cir. 1991) (magistrate judge may compel a party to pay prospective sanctions of
11 $500.00 per day during period for non-compliance with discovery orders); Rockwell Int. Inc. V.
12 Pos-A-Traction Indus., 712 F.2d 1324, 1325 (9th Cir. 1983) (magistrate judge had jurisdiction to
13 order witnesses to answer questions); United States v. Bogard, 846 F.,2d 563, 567 (9th Cir. 1988)
14 superseded by rule on unrelated matter, Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1174
15 (9th Cir. 1996) (magistrate judge may deny requests to see jury selection materials); New York v.
16 United  States Metals Roofing Co., 771 F.2d 796 (3rd Cir. 1985) (magistrate judge may prevent a
17 party from releasing discovery information to the public; specifically held not to be an injunction
18 beyond the authority of a magistrate judge); Affelt v. Carr, 628 F. Supp. 1097, 1101 (N.D. Oh.
19 1985) (issuance of gag orders and disqualification of counsel are duties permitted to a magistrate
20 judge.).  It is only where the relief sought goes to the merits of plaintiff's actions or to complete
21 stays of an action are orders under § 636(b)(1)((A) precluded.  See e.g. Reynaga v. Camisa, 971
22 F.2d 414 (9th Cir. 1992); compare United States Metals etc., 771 F.2d at 801 (orders which
23 restrain or direct the conduct of the parties are not to be characterized as an appealable injunction
24 beyond the authority of the magistrate judge unless the restraint goes to the merits of the action).
25 In other words, a motion for injunctive relief must relate to the allegations in the complaint.  If
26 there is no relation, it is not an injunctive relief situation.  A party seeking preliminary injunctive

relief "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." <u>Devose v. Herrington</u>, 42 F.3d 470, 471 (8th Cir.1994).  In other words, plaintiff must seek injunctive relief related to the merits of his underlying claim.

Moreover, the rule that governs interlocutory injunctions, Fed.R.Civ.P. 65, also indicates that the matters at issue have to be encompassed by the complaint, e.g., provision which allows the hearing on preliminary injunction to be accelerated into a trial on the merits, preserving the right to jury trial if otherwise appropriate, making evidence received at the hearing on preliminary injunction admissible at trial.  None of the provisions would make sense if disputes outside the complaint, and on which no trial by definition will be had, could be considered as proceedings for injunctions.  In addition, the standards for granting injunctions are much different than the standards applicable to protective orders.   Applying established standards on the need to grant an injunction only in extraordinary circumstances, absence of legal remedy, balance of hardships, irreparable harm, and so forth are foreign to resolution of discovery and other procedural disputes which crop up in the course of a litigation.

For the reasons discussed above, this matter may be handled by court order.

Plaintiff alleges that when he was on the mainline, he was allowed access to the law library 3 days as week for 1 ½ hours each time.  Plaintiff complains that now that he is in administrative segregation (ad seg), he receives law library access 2 times per week if the law librarian shows up.  Plaintiff alleges that there is no regular law librarian.

Attached as an exhibit to plaintiff's motion is a first level response to a grievance filed by plaintiff regarding law library access.  This response, dated April 11, 2008, states that the results of the investigation revealed that plaintiff was not on the weekly list of inmates requesting access to the law library cages.  <u>See</u> Plaintiff's Motion, court file p. 31.  The response goes on to state that plaintiff was placed immediately at the top of the list and would receive law library cage access at the earliest possible date.  <u>Id.</u>

1    Prisoners have a constitutional right of access to the courts.  See Lewis v. Casey,
2  518 U.S. 343, 350, 116 S.Ct. 2174 (1996); Bounds v. Smith, 430 U.S. 817, 821, 97 S.Ct. 1491
3  (1977).  To establish a claim for any violation of the right of access to the courts, the prisoner
4  must prove that there was an inadequacy in the prison's legal access program that caused him an
5  actual injury.  Lewis, 518 U.S. at 350-55.  To prove an actual injury, the prisoner must show that
6  the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim
7  concerning his claim or conditions of confinement.  Id. at 354-55. The right of access to the court
8  is limited to the initiation of a court action.  The state is not required to enable the prisoner to
9  discover grievances or to litigate effectively once in court.  Id. at 354.

10    In the instant case, some defendants have answered and others have filed a motion
11  to dismiss.  Plaintiff's claim of inadequate law library access is not covered within the scope of
12  an access to the courts claim.  Moreover, the response to plaintiff's administrative grievance
13  suggests that prison officials responded to his request for law library access.  For these reasons,
14  the motion is denied.

15    Plaintiff also alleges that he is being denied access to his legal property.  On June
16  3, 2008, plaintiff filed a motion for sanctions against defendants also claiming that he is being
17  denied access to his legal property.  However, on July 9, 2008, plaintiff filed a 36 page
18  opposition to defendants' motion to dismiss.  A review of this pleading suggests that plaintiff
19  now has access to his legal property.

20    In the motion for protective order, plaintiff also complains about the conditions in
21  administrative segregation.  Plaintiff alleges that he does not have access to hygienic items
22  including a hair comb, a mirror for shaving, wash towel, toothpaste, etc.  Plaintiff's access to
23  these items does not directly impact his ability to litigate the instant action.  Nor do the merits of
24  this action concern the conditions of administrative segregation at California State Prison-
25  Lancaster, where plaintiff is currently housed.  Accordingly, plaintiff's request for access to these
26  items is denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's May 23, 2008, motion for a temporary restraining order (#21), construed as a motion for protective order, is denied;

2. Plaintiff's June 3, 2008, motion for sanctions (# 24) is denied.

DATED: 07/16/08

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

wil1558.po