IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID W. WILSON,

    Plaintiff,                        No. CIV S-07-1558 WBS GGH P

  vs.

SUZAN HUBBARD, et al.,

    Defendants.                      FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is the motion to dismiss for failure to state a claim pursuant to Fed. R Civ. P. 12(b)(6) filed May 30, 2008, on behalf of defendants Haws and Moore. On July 9, 2008, plaintiff filed an opposition to this motion. After carefully considering the record, the court recommends that defendants' motion be granted.

LEGAL STANDARD FOR MOTION TO DISMISS.

        In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a

1

legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S. Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869, 90 S. Ct. 35 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256, 114 S.Ct. 798, 803 (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

/////
/////
/////
/////

DISCUSSION

This action is proceeding on the amended complaint filed January 9, 2008. Defendants Barajas, Haws, Hubbard, Hudnall, Kernan, Moore, Veal and Wann have filed an answer. These defendants are located at the California Medical Facility (CMF). Plaintiff's claims against these defendants concern their refusal to allow him to possess vitamin and dietary supplements.

Defendants Haws and Moore are located at California State Prison-Lancaster (CSP-Lancaster), where plaintiff was transferred on August 28, 2007. Plaintiff alleges that upon his arrival at CSP-Lancaster, some of his property was confiscated. The amended complaint contains no specific claims against defendants Haws and Moore.

Defendants move to dismiss the claims against defendants Haws and Moore on grounds that plaintiff has not linked them to any alleged deprivation.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed

3

constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Because the amended complaint contains no specific allegations against defendants Moore and Haws, the motion to dismiss against these defendants should be granted on this ground. The court next considers whether plaintiff should be allowed to amend his complaint to include claims as to these defendants.

Fed. R. Civ. P. 18(a) provides: "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime as the party has against an opposing party." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits[.]" Id.

It is true that Fed. R. Civ. P. 20(a) provides that "[a]ll persons ...may be joined in one action as defendants if there is asserted against them jointly, severally , or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all will arise in the action." However, "[a] buckshot complaint that would be rejected if filed by a free person–say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions–should be rejected if filed by a prisoners." Id. at 607.

/////

/////

In the motion to dismiss, defendants observe that attached to the amended complaint as an exhibit are administrative appeals filed by plaintiff regarding the confiscation of his property at CSP-Lancaster. Defendant Moore interviewed plaintiff regarding an appeal concerning his belt, lamp, hot pot, fan, extension cord, hair combs, cable, can opener, radio, headphones and cassette tapes. Amended Complaint, Exhibit L(14). Defendant Moore also interviewed plaintiff regarding an appeal concerning his access to his legal property. Amended Complaint, Exhibit DD. These appeals did not concern the confiscation of plaintiff's vitamins and dietary supplements. Defendants state that defendant Haws appears to have been named solely because he is the Warden.

In his opposition filed July 9, 2008, plaintiff confirms that he is suing defendant Moore based on his response to his appeals concerning access to his personal and legal property. Plaintiff alleges that defendant Haws is responsible for the conduct of defendant Moore.

Plaintiff's claims against defendants Moore and Haws are different than the claims made against the other defendants. Plaintiff alleges that the other defendants, located at CMF, refused to give him his vitamins and dietary supplements. Plaintiff alleges that defendants Moore and Haws denied him access to his personal and legal property following his transfer to CSP-Lancaster. While both sets of claims involve plaintiff's access to property, they concern different prisons and different property. In other words, there is no consistent theme to plaintiff's claims made against defendants Moore and Haws and the other defendants. Accordingly, the court finds that plaintiff should not be permitted to amend his complaint to include these claims against defendants Moore and Haws.

Accordingly, IT IS HEREBY RECOMMENDED that the motion filed May 30, 2008, on behalf of defendants Haws and Moore be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written

1  objections with the court and serve a copy on all parties.  Such a document should be captioned
2  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
3  shall be served and filed within ten days after service of the objections.  The parties are advised
4  that failure to file objections within the specified time may waive the right to appeal the District
5  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
6  DATED:   09/03/08

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

10  wil1558.mtd