1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DAVID W. WILSON,

11          Plaintiff,              No. CIV S-07-1558 WBS GGH P

12      vs.

13   SUZAN HUBBARD, et al.,

14          Defendants.            FINDINGS & RECOMMENDATIONS

15   _____/

16          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  Pending before the court is defendants' August 3, 2009, motion to revoke

18   plaintiff's in forma pauperis status pursuant to 28 U.S.C. § 1915(g).  For the following reasons,

19   the court recommends that defendants' motion be granted.

20          28 U.S.C. § 1915(g) provides,

21          In no event shall a prisoner bring a civil action or appeal in a judgment in a civil
            action or proceeding under this section if the prisoner has, on 3 or more occasions,
22          while incarcerated or detained in any facility, brought an action or appeal in a
            court of the United States that was dismissed on the grounds that it is frivolous,
23          malicious, or fails to state a claim upon which relief may be granted, unless the
            prisoner is under imminent danger of serious physical injury.
24

25          Defendants argue that plaintiff has had at least three prior actions dismissed or

26   otherwise rejected as frivolous, malicious or for failing to state a claim.  Giving plaintiff the

1

1    benefit of the mailbox rule, this action was filed on July 13, 2007. <u>See</u> complaint, proof of

2    service attached to points and authorities.

3          Defendants cite at least three cases that were previously dismissed as frivolous,

4    malicious or for failing to state a claim.  On October 31, 2006, <u>Wilson v. Schwartz</u>, CIV S-05-

5    1649 GEB CMK P was dismissed for failing to state a claim upon which relief may be granted.[1]

6    On March 8, 2007, <u>Wilson v. Dovey</u>, CIV S-06-1032 FCD EFB P was dismissed for failing to

7    state a claim upon which relief may be granted.   On June 4, 2007, <u>Wilson v. Veal</u>, CIV S-06-

8    0067 FCD KJM P was dismissed for failing to state a claim upon which relief may be granted.

9          In his opposition plaintiff argues that this action should not be dismissed because

10    in the complaint he alleges that he is under imminent danger of serious physical injury.  To meet

11    this exception, plaintiff must have alleged facts demonstrating that he was "under imminent

12    danger" at the time of filing the complaint. <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1052-53 (9th

13    Cir. 2007).

14          When plaintiff filed the original complaint, he was housed at the California

15    Medical Facility (CMF).  On December 20, 2007, the court dismissed this complaint with leave

16    to amend.  On January 9, 2009, plaintiff filed the first amended complaint.  At that time, he was

17    housed at California State Prison-Lancaster (CSP-Lan).  The court ordered service of the first

18    amended complaint.

19          Named as defendants in the first amended complaint are CMF Wardens Hubbard

20    and Veal, CMF Associate Warden O'Ran, CMF Lieutenant Hudnall, CMF Correctional Officers

21    Wann and Barajas, CSP-Lan Warden Haws, CSP-Lan Sergeant Moore, Director of Institutions

22    Kernan and N. Grannis.  Plaintiff alleged that while housed at CMF defendants refused to allow

23    him to order and possess vitamins and other dietary supplements he had previously been allowed

24

25         [1] Judicial notice may be taken of court records.  <u>Valerio v. Boise Cascade Corp.</u>, 80
F.R.D. 626, 635 n.1 (N.D. Cal. 1978), <u>aff'd</u>, 645 F.2d 699 (9th Cir.), <u>cert. denied</u>, 454 U.S. 1126

26    (1981).

to have.  Plaintiff alleged that he used these vitamins and dietary supplements, including glucosamine, to treat his back, knee, hip and joint pain.  Following his transfer to CSP-Lan, he went to pick up his personal property at Receiving and Release.  However, he was not allowed to have several items of his personal property.  Attached as an exhibit to the amended complaint is a response to an administrative appeal filed by plaintiff regarding this property.  The appeal response describes the confiscated property as a belt, lamp, hot pot, fan, extension cord, hair combs, cable, can opener, radio, headphones and cassette tapes.  The denied items were later donated to charity.

On November 12, 2008, the court granted defendants' motion to dismiss the claims against defendants Haws and Moore on grounds that they were not linked to plaintiff's claims challenging the confiscation of his personal property at CSP-Lan.  Citing George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits[.]"), the court also found that plaintiff should not be allowed to file an amended complaint regarding his CSP-Lan claims as they were different from the claims against the CMF defendants.  See September 4, 2008, order.

On December 5, 2008, plaintiff filed a second amended complaint.  At this time, he was still housed at CSP-Lan.  Named as defendants were CMF Wardens Hubbard and Veal, CMF Associate Warden O'Ran, CMF Lieutenant Hudnall, CMF Officers Barajas and Wann, Director of Adult Institutions Kernan, and Appeals Coordinators Grannis and Porter.  In the second amended complaint, plaintiff challenged the confiscation of his vitamins and dietary supplements by the CMF defendants.

As discussed above, to meet the imminent danger exception to § 1915(g), plaintiff must have alleged facts demonstrating that he was "under imminent danger" at the time of filing the complaint.  Andrews v. Cervantes, 493 F.3d 1047, 1052-53 (9th Cir.2007).  At the time plaintiff filed the *operative* complaint, i.e. the second amended complaint, he clearly was under no imminent danger as he was complaining about events at a prison where he was no

1   longer housed.  In addition, at the time plaintiff filed the first amended complaint, he was also

2   under no imminent danger because the only claims concerning conditions at CSP-Lan involved

3   challenges to the confiscation of personal property.  The alleged deprivation of plaintiff's comb,

4   can opener, etc. clearly did not involve an imminent danger of serious physical injury to plaintiff.

5          When plaintiff filed the original complaint he was housed at CMF.  In this

6   complaint, plaintiff alleged that defendants improperly confiscated his dietary supplements.  The

7   court dismissed this complaint because the legal claims raised by plaintiff (extortion, criminal

8   profiteering, pawn brokering, petty theft, embezzlement, fraud, RICO, due process, Cartwright

9   Act Violation) were not legally colorable.

10          Were the court required to consider whether plaintiff was under imminent danger

11  of serious physical injury at the time he filed this *action* rather than at the time he filed the

12  operative complaint, the court would find that he did not meet the § 1915(g) exception.  While

13  pain may constitute a serious physical injury, plaintiff could have treated his joint pain with

14  prescribed Tylenol, for example, rather than the dietary supplements.  In addition, it is unlikely

15  that the discontinuation of plaintiff's access to these supplements would have caused him to

16  suffer *imminent* pain.  In other words, the pain caused by plaintiff's discontinued use of these

17  supplements was, at best, a gradual worsening of symptoms.  For these reasons, the court does

18  not find that plaintiff suffered an imminent threat of serious physical injury at the time he filed

19  this action.

20          Accordingly, IT IS HEREBY RECOMMENDED that defendants' August 3,

21  2009, motion to revoke plaintiff's in forma pauperis status (no. 50) be granted; plaintiff be

22  ordered to pay the filing fee within thirty days of the adoption of these findings and

23  recommendations.

24          These findings and recommendations are submitted to the United States District

25  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

26  days after being served with these findings and recommendations, any party may file written

1  objections with the court and serve a copy on all parties.  Such a document should be captioned

2  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

3  shall be served and filed within ten days after service of the objections.  The parties are advised

4  that failure to file objections within the specified time may waive the right to appeal the District

5  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

6  DATED: 09/10/09

                                        /s/ Gregory G. Hollows

7  _____

                                        UNITED STATES MAGISTRATE JUDGE

8

9

10  wil1558.57

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26